UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

OWEN HARE, *et al.*,

    Plaintiffs,

v.

NAVIENT SOLUTIONS, INC.,

    Defendant.

Civil Action No. _____

State Court No. 03-C-15-012062

## NOTICE OF REMOVAL

Defendant Navient Solutions, Inc. ("NSI"), by counsel, hereby gives notice that the above-captioned action pending in the Circuit Court for Baltimore County, Maryland, Case No. 03-C-15-012062 (the "State Court Action") is removed to the United States District Court for the District of Maryland, Baltimore Division, pursuant to 28 U.S.C. §§ 1441 and 1446. As grounds for this removal, NSI states as follows:

1. The State Court Action was commenced by the filing of a Complaint on or about November 25, 2015, and is currently pending in the Circuit Court of Baltimore County, Maryland in Towson, Maryland. A copy of the Complaint is attached as Exhibit A.

2. NSI was served with a copy of the Complaint and Summons on December 7, 2015.

3. The time within which NSI is required by the laws of the United States, 28 U.S.C. § 1446(b), to file this notice of removal has not yet expired.

4. Other than Plaintiffs' Complaint and proof of service, no other process, pleadings, or orders have been served on NSI.

## FEDERAL QUESTION JURISDICTION

5. For the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1331 because Plaintiffs' Complaint alleges causes of action arising under the laws of the United States.

6. The United States Supreme Court has affirmed that federal question jurisdiction exists when presented with a substantial federal question. *Grable & Sons Metal Products, Inc. v. Darue Eng. & Mfg.*, 545 U.S. 308 (2005).

7. Plaintiffs' Complaint alleges causes of action that arise under the federal Electronic Funds Transfer Act ("EFTA") 15 U.S.C. § 1693a, *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, as well as causes of action arising from the same course of conduct that purportedly violates three Maryland state statutes.

8. Because Plaintiffs seek relief for causes of action arising under federal statutes, the Complaint asserts federal questions under 28 U.S.C. § 1331 and is removable pursuant to 28 U.S.C. § 1441.

9. This Court further has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' state statutory causes of action because such claims are based on the same operative facts alleged in the Complaint and are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## DIVERSITY JURISDICTION

10. Pleading in the alternative, and for the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 under diversity of citizenship.

13. Owen and Karen Hare are citizens and domiciliaries of the State of Maryland. Navient Solutions, Inc. is a foreign corporation organized under the laws of the State of Delaware with a principal place of business in Fairfax County, Virginia.

14. The "amount in controversy," as defined by 28 U.S.C. § 1332(a), is in excess of $75,000.00, exclusive of interest and costs. Specifically, Plaintiffs' seek to recover "in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000)" in "actual and statutory damages," plus attorney's fees and costs. (Compl., Count One, *ad damnum* clause.)

15. The United States District Court for the District of Maryland, Baltimore Division embraces the place in which the removed action was pending. 28 U.S.C. § 1441(a),

16. Defendant will promptly file a Notice of Filing of this Notice of Removal with the clerk of the Baltimore County Circuit Court and will serve the same on Plaintiffs.

WHEREFORE, Defendant Navient Solutions, Inc. respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Circuit Court for Baltimore County to the United States District Court for the District of Maryland.

Respectfully submitted,

NAVIENT SOLUTIONS, INC.

Timothy J. McEvoy (MD Fed. Bar 15292)
CAMERON MCEVOY, PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 460-9341 (Direct)
(703) 273-8898 (Main)
(703) 273-8897 (Facsimile)
tmcevoy@cameronmcevoy.com

Robert S. Tanenbaum (MD Fed. Bar 18070)
Associate General Counsel
Navient Solutions, Inc.
2001 Edmund Halley Dr.
Reston, Virginia 20191
(703) 984-6519 (Direct)
robert.tanenbaum@navient.com

*Counsel for Defendant Navient Solutions, Inc.*

Cameron / McEvoy PLLC
4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

## RULE 1-313 CERTIFICATION

I HEREBY CERTIFY that I am authorized to practice law in the State of Maryland.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2016, a true and correct copy of the foregoing was served via United States first class mail, postage prepaid, to:

Jane Santoni, Esquire
Kathleen Hyland, Esquire
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
*Counsel for Plaintiffs Owen and Karen Hare*

Timothy J. McEvoy (MD Fed. Bar 15292)
CAMERON McEVOY, PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 460-9341 (Direct)
(703) 273-8898 (Main)
(703) 273-8897 (Facsimile)
tmcevoy@cameronmcevoy.com
*Counsel for Defendant Navient Solutions, Inc.*

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron/McEvoy PLLC